UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN BASILE and CANDY BASILE,

                Plaintiffs,

    v.                                    **DECISION AND ORDER**
                                        08-CV-0042(S)

I.C. SYSTEM, INC.,

                Defendants.

## I. INTRODUCTION

In this debt collection practices action brought under 15 U.S.C. § 1692k(d), Plaintiffs John and Candy Basile allege that Defendant's communications with Plaintiffs violated 15 U.S.C. §§ 1692d, 1692e, and 1692f of the Federal Debt Collection Practices Act ("FDCPA"). Presently before this Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendant's motion is denied.[1]

## II. BACKGROUND

### A.    Facts

Plaintiffs John and Candy Basile are husband and wife residing in the city of Niagara Falls, County of Niagara, New York. (Complaint ("Comp."), Docket No. 1, ¶¶ 4-5.) Defendant I.C. System, Inc. is a corporation organized under the laws of Minnesota

---

[1]In support of its motion, Defendant filed the Declaration of Andrew J. Wells, Esq., with attached exhibits; a Memorandum of Law; a Statement of Undisputed Material Facts; a Second Declaration by Andrew J. Wells, Esq. with attached exhibit; and a Reply Memorandum. (Docket Nos. 18, 19, 20, 24, 25.)
    In opposition to Defendant's Motion for Summary Judgment, Plaintiff filed a Response Memorandum; a Supplemental Response to Defendant's Statement of Undisputed Material Facts; and an Appendix to Local Rule 56.1 with attached exhibits. (Docket No. 23.)

engaged in the business of debt collection.  (Id. at ¶ 6.)

This case originates with a debt Plaintiff Candy Basile ("Mrs. Basile") incurred as a result of an unpaid medical bill to Dr. Edward Simmons.[2]  (Id. at ¶ 10.)  Upon Mrs. Basile's refusal to pay said medical bill, Dr. Simmons employed Defendant to collect the disputed debt.  (Id. at ¶ 15.)  Defendant began telephoning Mrs. Basile in 2005, and continued calling her through December 2007.  (Id. at ¶ 16.)[3]

Plaintiffs allege that Defendant violated the FDCPA by calling Plaintiffs derogatory names; by falsely representing that Defendant intended to send the sheriff to Plaintiffs' home to serve a summons; by falsely representing that Dr. Simmons intended to bring suit against Mrs. Basile; by falsely representing that Defendant would garnish Plaintiff's wages; and by falsely representing that Dr. Simmons had given Defendant authorization to commence a lawsuit.  (Id. at ¶ 24.)  These violations occurred over the course of three particular phone conversations, all allegedly taking place in either April or May of 2007.

During the first of these calls, Defendant allegedly called Mrs. Basile "stupid" and threatened to garnish her wages.  (Id. at ¶ 17.)  When Mrs. Basile tried explaining the reason the debt had not been repaid, Defendant told her to "shut up."  Emotionally upset, Mrs. Basile handed the telephone to her husband, Plaintiff John Basile ("Mr. Basile"), whom Defendant promptly called a "jerk."

The second call occurred the same month and Defendant, once again, allegedly threatened to garnish Mrs. Basile's wages.  (Id. at ¶ 18.)  The third call took place in April or May 2007.  Mrs. Basile received the call, but upon learning that it was Defendant,

---

[2]Dr. Simmons is not a party to the present dispute.

[3]Plaintiffs submit that Defendant continued calling them after the present lawsuit was filed, with the most recent call being made in January of 2008.  As Plaintiffs have not sought to amend their complaint to include these additional calls, this Court will not consider them at this time.

handed the telephone to her husband, Mr. Basile.  Defendant informed Mr. Basile that it was sending the sheriff to their home with a summons.  (Id. at ¶ 19.)

As a consequence of these, and other phone calls, Mr. and Mrs. Basile became nervous, upset, and suffered emotional distress.  (Id. at ¶¶ 21-22.)

**B.     Procedural History**

Plaintiffs commenced this action on January 17, 2008, pursuant to 15 U.S.C. § 1692k(d), alleging that Defendant violated §§ 1692d, 1692e, and 1692f of the FDCPA. Defendant filed the present motion for summary judgment on April 10, 2009.

### III.  DISCUSSION

**A.     Legal Standards**

**1.     Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of

evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 249.

**B.    Plaintiffs' Fair Debt Collection Practices Act Claims**

Plaintiffs allege that Defendants violated §§ 1692d, 1692e, and 1692f of the FDCPA.  (Comp. ¶ 24.)  The FDCPA was passed to "protect consumers from . . . unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." <u>Monahan v. NRA Group L.L.C.</u>, No. 3:10-CV-00638, 2011 WL 3901877, at *2 (D. Conn. Sept. 6, 2011) (quoting S. Rep. No. 95-382, at 1 (1977)).

§ 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse" a debtor.  15 U.S.C. § 1692d.  Such prohibited conduct includes obscene or profane language, or other language "the natural consequence of which is to abuse the hearer."  15 U.S.C. § 1692d(2).  § 1692e prohibits the use of false, deceptive, or misleading representations made to collect a debt.  15 U.S.C. § 1692e.  This provision specifically prohibits, "[t]he representation or implication that nonpayment of any debt will result in the . . . garnishment . . . or any property or wages of any person unless such action is lawful and the debt collector intends to take such action."  15 U.S.C. § 1692e(4). Finally, § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.  The unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges violate other sections of the FDCPA. <u>Annis v. E. Asset Mgmt., LLC</u>, No. 08-CV-458S, 2010 WL 1035273, at  *4

(W.D.N.Y. Mar. 18, 2010) (citing Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. Mar. 25, 2006).

Defendant, in its motion for summary judgment, argues that Plaintiffs' claim is untimely because the alleged acts occurred outside the FDCPA's one-year statute of limitations.  Defendant further argues that even if Plaintiffs' claims were timely, their claims for actual damages are without support.

Because this Court finds that there is a genuine issue of material fact as to whether the three conversations described in the Complaint occurred within the statute of limitations, and because the claims for actual damages are sufficiently supported by Plaintiffs' affidavits, Defendant's Motion for Summary Judgment will be denied.

## 1.    Statute of Limitations

The FDCPA provides that claims may be brought under its provisions "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k.  The instant action was commenced on January 17, 2008.  The Complaint alleges that Defendant began telephoning Plaintiff in 2005 and continued through December of 2007. (Comp. ¶ 16.) The specific acts described in the Complaint occurred in April or May of 2007.  (Id. at ¶¶ 17-19.) Facially, Plaintiffs' claims fall within the statute of limitations.

Defendant argues however that the alleged acts actually occurred in April 2006, making them untimely unless an exception applies.  Defendant also argues that even if the events alleged in the Complaint did occur in 2007, they were not the original offenses from which the statute of limitations should be measured.  Plaintiffs respond, first, that the alleged conduct by Defendant constitutes a pattern of continuing conduct sufficient to trigger application of the continuing violation doctrine.  Second, Plaintiffs' argue that

whether the acts occurred in 2006 or 2007 is a question for the jury.

The Second Circuit has not found the doctrine of continuing violations applicable under the FDCPA. Egbarin v. Lewis, Lewis & Ferraro LLC, No. Civ.A. 3:00-CV-1043, 2006 WL 236846, at *10 (D. Conn. Jan. 31, 2006) (citing Macarz v. Transworld Sys., Inc., 193 F.R.D. 46, 57 (D. Conn. 2000). Moreover, even if it had, it is dubious that the continuing violation doctrine would be applicable here.

The Complaint identifies only three instances of violative conduct. (See Comp. ¶¶ 16-19.) Although Plaintiffs' state that Defendants continued telephoning Plaintiffs from 2005 to December 2007, the Complaint does not provide any additional details on any other calls which violated the FDCPA. Nor does the Complaint allege that there was a pattern of such violations. Plaintiffs' depositions support this conclusion. Mrs. Basile states that the Complaint refers to only three telephone conversations. (Second Declaration of Andrew J. Wells, Esq., Docket No. 24, Ex. U, 105:5-8, 107:5-7.) Mrs. Basile also only recalled a single occasion on which Defendant called her an abusive name. (Declaration of Andrew J., Wells ("Wells Decl."), Ex. B, 99:6-101:1.) To be sure, Plaintiffs' depositions also show that Defendant called Plaintiffs on numerous other occasions. Mrs. Basile attests to receiving approximately two-hundred phone calls between 2005 and 2008. (Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pls.' Resp."), Docket No. 23, Affidavit of Candy Basile ("Mrs. Basile Aff."), ¶ 8.) During these conversations Defendant was far from polite. (Wells Decl., Ex. C, 82:16-20 (describing Defendant as getting mean).) However, Plaintiffs have not alleged violations on the basis of these conversations. Consequently, this Court will restrict its analysis to the three incidents specified in the Complaint. See Marinelli v. Chao, 222 F. Supp. 2d 402, 406 (S.D.N.Y. 2002) ("A civil complaint delineates the outer boundaries of a civil action,

providing notice to defendants and thereby affording them a fair opportunity to respond and prepare for trial") (citing <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995)).

Although the Complaint alleges only three violations, this Court cannot agree with Defendant's contention that the statute of limitations should be measured from the time such an offense was first committed.  The mere fact that Defendant may have committed multiple offenses by frequently threatening Plaintiffs does not mean that violations that would otherwise fall within the statute of limitations are time-barred.  "FDCPA causes of action accrue with each communication in violation of the Act." <u>Ehrich v. RJM Acquisitions LLC</u>, No. 09 Civ. 2696, 2009 WL 4545179, at *2 n.4 (citing <u>Sierra v. Foster & Garbus</u>, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999).  That similar communications may have taken place in 2006, does not time-bar alleged violations in 2007.  <u>See</u> <u>Puglisi v. Debt Recovery Solutions, LLC</u>, No. 08-CV-5024, 2010 WL 376628, at *3 (E.D.N.Y. Jan. 26, 2010).  The court in <u>Ellis v. General Revenue Corp.</u> recently confronted a similar issue in which some of the violations plaintiffs relied on were within the statute of limitations, while others fell outside of it.  274 F.R.D. 53, at 58 (D. Conn. 2011).   There, as here, "[t]he fact that [defendant] first made similar statements before the one-year period does not bar the plaintiffs' claims."  <u>Id.</u>  Having concluded that Plaintiffs' claims will be timely unless they occurred prior to January 17, 2007, this Court will now consider Defendant's arguments that the violations described in the Complaint actually occurred in 2006.

Plaintiffs cite three, discrete conversations, each of which allegedly violated the FDCPA.  Defendant argues that Plaintiffs' depositions reveal that these conversations actually took place in 2006, not 2007.  This Court disagrees.  Mrs. Basile's deposition contains contradictory passages in which the relevant conversations are alleged to have occurred in 2006 or 2007.  *(Compare* Pls.' Resp., Ex. A, 93:19-94:11 *with* 85:6-11; 90:15-

19.).  As Mrs. Basile repeatedly admits, she is uncertain when the incidents took place. (Wells Decl., Ex. B, 107:5-16.)  Mrs. Basile is uncertain of when she was told to shut up. (Id. at 98:19-22.)  Similarly, Mr. Basile does not recall when he was called a jerk.  (Wells Decl., Ex. C, 74:18-75:18.)  Nevertheless, both Plaintiffs completed affidavits stating that the conduct took place in April 2007.  (Pls.' Resp., Mrs. Basile Aff, ¶ 15; Affidavit of John Basile ¶ 5.)

Plaintiffs' lapses in memory are not cured by their affidavits.  See Hayes v. New York City Dep't. of Corr., 84 F.3d 614, 619 (2d Cir. 1996).  "The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony." Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991); Dollard v. Perry's Ice Cream Co., Inc., No. 99-CV-0594E(F), 2001 WL 1117137, at *1 n.1 (W.D.N.Y. Sept. 10, 2001).  Were the burden on Plaintiffs to show that their claims were timely, this Court would grant Defendant's Motion for Summary Judgment.  See Taylor v. Consolidated Rail Corp., No. 99-CV-146, 2000 WL 246274, at *2 (N.D.N.Y. Mar. 1, 2000) (burden on plaintiff to demonstrate he was injured within limitations period of Federal Employers' Liability Act).  As the burden rests with Defendant, this Court most look to whether it can show that Plaintiffs' claims arose outside the statute of limitations.  Ehrich, 2009 WL 4545179, at *2 n.5 (citing Overall v. Estate of Lotz, 52 F.3d 398, 403 (2d Cir. 1995)).

Defendant seeks to meet this burden by pointing to the phone records for April 2007, which show that the longest call made to Plaintiffs' residence was no more than 18 seconds in length.  On the basis of Mrs. Basile's testimony, in these few seconds Defendant identified itself and the reason for its call.  Mrs. Basile then explained her

insurance situation and Defendant became abusive towards her.  (Ex. B, 99: 13-21.)  Mrs. Basile handed the phone to her husband, whom Defendant then verbally accosted. (Comp. ¶ 17.)   Although this Court is highly skeptical of whether the alleged communications could have occurred in this time frame, Defendants have not established that they did not.  Instead, Defendant has highlighted a series of genuine issues of material fact.  Whether or not the communications occurred in the given span, and whether the alleged communications took place in 2006 or 2007 are questions for the factfinder.[4]  This Court will not speculate on the number of seconds needed to effectuate a violation of the FDCPA.

Defendant's Motion for Summary Judgment on the basis that Plaintiffs' claims are time-barred will be denied.

### 2.    Actual Damages

Defendant moves for summary judgment on Plaintiff's claim of actual damages. Debt collectors who violate the FDCPA may be liable to consumers for civil damages, including "any actual damage sustained by such person . . . ."  15 U.S.C. § 1692k.  Actual damages are intended to compensate a plaintiff for "out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA."  Mostiller v. Chase Asset Recovery Corp., No. 09-CV-218A, 2010 WL 335023, at *3 (W.D.N.Y. Jan. 22, 2010) (quoting Milton v. Rosicki, Rosick & Assocs., P.C., No. 02-CV-3052, 2007 WL 2262893, at *3 (E.D.N.Y. Aug. 3, 2007)).  This Court has previously recognized that emotional distress is compensable as actual damages under the FDCPA.  Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y.

---

[4]The Court also notes that Plaintiffs' Complaint alleges that one of the incidents occurred in April or May of 2007.

1991).

Defendant argues that Plaintiffs' self-serving testimony is insufficient to withstand summary judgment in a case brought under the FDCPA.  Plaintiffs respond that their respective testimonies are corroborated by their spouse, and further corroborated by the objective circumstances of Defendant's alleged FDCPA violations.

This Court has previously addressed an argument similar to that made by Defendant.  In DeGeorge v. LTD Financial Services, L.P., plaintiff buttressed his own testimony of emotional distress with that of his brother and mother to argue that a jury should decide his actual damages.  No. 06-CV-178S, 2008 WL 905913, at *5 (W.D.N.Y. Mar. 31, 2008).  Like Mr. and Mrs. Basile, that plaintiff described his distress in terms of shock, anger, and embarrassment.  Id.  Like Mr. and Mrs. Basile, that plaintiff too sought to strengthen his own testimony through that of others.  Id.  This Court described such evidence as "fairly weak," but found it sufficient to survive summary judgment.  Id. at *6.

Similarly here, Plaintiffs' evidence is weak.  Arguably, Plaintiffs' evidence is even weaker than that in DeGeorge because here each Plaintiff is relying on the testimony of the other Plaintiff.  "But given the evidence in the record, this Court cannot conclude that Plaintiff's claims are insufficient as a matter of law."  Id.; see also Clayson v. Rubin & Rothman, LLC, No. 08-CV-0066A, 2010 WL 547476, at *4 (W.D.N.Y. Feb. 11, 2010).

Defendant's Motion for Summary Judgment on the issue of actual damages will be denied.[5]

---

[5]Defendant makes a variety of additional arguments, including that Plaintiffs cannot show that their emotional distress was caused by Defendant as opposed to other debt collectors.  While this may impact a jury's evaluation of Plaintiffs' actual damages, these types of factual disputes are not fit for resolution at this stage.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 17) is DENIED

SO ORDERED.

Dated:   September 16, 2011
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                    United States District Court